# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

BRIAN J. STEELE,

           Plaintiff,

v.                                    CIVIL ACTION NO. 2:19-cv-00874

LIBERTY MUTUAL INSURANCE,

           Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Brian J. Steele's ("Plaintiff") Renewed Motion for a More Definite Statement. (ECF No. 12.) For the reasons explained more fully herein, the motion is **DENIED**.

### I.    BACKGROUND

This action arises out of a residential fire insurance claim. Plaintiff originally filed this action in the Circuit Court of Roane County, West Virginia, alleging bad faith against Defendant Liberty Insurance Corporation ("Liberty"), improperly named as Liberty Mutual Insurance. (ECF No. 1-1.) Liberty timely removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1.) After removing the action, Liberty filed an answer and counterclaim seeking declaratory relief. (ECF No. 3.) In response to the counterclaim, Plaintiff filed a motion for a more definite statement on January 2, 2020. (ECF No. 6.)

On the same day, Plaintiff filed an amended complaint, asserting claims against Liberty for declaratory relief, breach of contract, common law bad faith, and statutory bad faith. (ECF No.

8.) As the amended complaint rendered Liberty's original answer and counterclaim moot, Liberty re-filed its answer and counterclaim seeking declaratory relief in response to the amended complaint. (ECF No. 10.) The following day, Liberty filed an amended answer and counterclaim. (ECF No. 11.) The amended pleading attaches the subject insurance policy as an exhibit but is otherwise identical to the original. On January 21, 2020, Plaintiff filed the present Renewed Motion for More Definite Statement regarding the counterclaim, which by reference incorporates Plaintiff's previously filed Motion for More Definite Statement. (ECF No. 12.) Liberty filed a timely response on February 4, 2020, (ECF No. 14), and Plaintiff has not filed a reply. As the deadline for filing a reply has elapsed, the motion is now ripe for adjudication.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." The Fourth Circuit instructs its courts to read Rule 12(e) in conjunction with Federal Rule of Civil Procedure 8(a), *see Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 822 (4th Cir. 1973), which requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief[] and . . . a demand for the relief sought." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

The Fourth Circuit has observed that there are several alternative methods for responding to vague or ambiguous pleadings, including pleading a lack of sufficient information to form a

belief, seeking discovery, or filing a motion for summary judgment. *See Hodgson*, 482 F.2d at 824. The Fourth Circuit has further noted the following:

> We do not hold that requiring a limited expansion of a complaint is never appropriate under Rule 12(e), for that is a matter generally left to the district court's discretion. But when the complaint conforms to Rule 8(a) and it is nether so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement and require the defendant to bring the case to issue by filing a response within the time provided by the rules. Prompt resort to discovery provides adequate means for ascertaining the facts without delay in maturing the case for trial.

*Id.* at 824.

### III. DISCUSSION

In his motion for a more definite statement, Plaintiff contends that Liberty's Counterclaim fails to allege its claims with sufficient detail and specificity so as to give Plaintiff fair notice of the claims and allow him to meaningfully respond. (ECF No. 7.) Counterclaims made under Rule 13 of the Federal Rules of Civil Procedure are, like any other pleading to which responsive pleadings are allowed, subject to motions under Federal Rule of Civil Procedure 12.

Here, Liberty alleges that it issued a homeowner's insurance policy with a policy period of March 25, 2019, through March 25, 2020, to Plaintiff ("the Policy"). (ECF No. 11 at 6 ¶ 6.) Liberty's Counterclaim seeks a declaration that the Policy, which is attached to the Amended Answer and Counterclaim, provides no coverage for Plaintiff's insurance claim. (*Id.* at 8.) In support of this requested relief, Liberty identifies three conditions for coverage under the Policy that it alleges Plaintiff violated: (1) the intentional loss exclusion; (2) the cooperation condition; and (3) the misrepresentation and fraud condition. (*Id.* at 6–7 ¶¶ 9–11.)

Liberty further alleges that Plaintiff did not insure his property until three months after buying it, (*id.* at 7 ¶¶ 12–13); that the fire giving rise to the claim occurred the day after the property was first

3

insured, (*id.* ¶¶ 15–16); that the fire was "suspicious," (*id.*); that Plaintiff "made numerous, substantive changes to his responses" to an examination under oath, (*id.* ¶ 22); and that Plaintiff has failed to provide several relevant documents requested by Liberty during its investigation, (*id.* ¶¶ 20–21). Based on these factual assertions and referenced policy provisions, which are incorporated into Liberty's single count for declaratory relief, (*id.* at 8 ¶ 23), Liberty seeks a declaration that the Policy does not provide coverage under the intentional loss exclusion, the cooperation condition, and the misrepresentation and fraud condition, (*id.* ¶¶ 25–27).

Plaintiff advances several arguments for a more definite statement of Liberty's Counterclaim. First, Plaintiff contends that Liberty's claim that the intentional loss exclusion precludes coverage is conclusory because the Counterclaim "is factually silent as to this allegation." (ECF No. 7 at 4.) With respect to the intentional loss exclusion, the Counterclaim states that the "Policy excludes from coverage loss caused directly or indirectly by 'Intentional Loss, meaning any loss arising out of any act committed: (1) By or at the direction of an 'insured'; and (2) With the intent to cause a loss.'" (ECF No. 11 at 6 ¶ 9.) In addition, as Plaintiff himself acknowledges, Liberty alleges that the fire was "suspicious" and that it occurred the day after Plaintiff's property became insured. Although this claim does not specify why Liberty believes the fire was suspicious or undertaken by Plaintiff, Rule 8 does not require Liberty to provide such detail. Such information, and any additional relevant facts, can be obtained through the discovery process. Further, Plaintiff's assertion that this allegation comes as a complete surprise to him is irrelevant for purposes of Rule 8's notice pleading requirements. Rule 8 requires only that the Counterclaim provide sufficient information to put Plaintiff on notice of Liberty's claim and allow Plaintiff to formulate a responsive pleading. *Hodgson*, 482 F.2d at 822–23.

Plaintiff also takes issue with Liberty's claim that the Policy offers no coverage due to Plaintiff's breach of the Policy's cooperation condition. In Paragraph 10 of the Counterclaim, Liberty

4

cites that the Policy's cooperation condition requires an insured to provide Liberty with "records and documents [it] request[s]" and to submit to an "examination under oath . . . and sign the same." (ECF No. 11 at 6 ¶ 10.) Liberty alleges that Plaintiff breached this condition because Plaintiff has not provided many of the requested documents that he identified as relevant during his examination. (*Id.* at 7 ¶¶ 20–21.) Plaintiff identifies no defect with Liberty's claim that Plaintiff has failed to cooperate with Liberty's investigation of this matter. Rather, Plaintiff simply attempts to refute this allegation, stating that "he has cooperated in good faith; he has given several interviews and has produced many documents." (ECF No. 7 at 4.) As Plaintiff's own motion demonstrates his understanding of this claim, it is apparent that he can respond to this allegation in good faith, even if the response consists of a simple denial. If he does not have sufficient information to form a belief, he can so state in his denial and, again, seek to obtain the information through discovery.

Next, Plaintiff avers that Liberty's assertion that Plaintiff breached the misrepresentation and fraud condition of the Policy is conclusory and "without any sort of evidentiary foundation." (*Id.* at 5.) However, "evidentiary foundations" are not required at the pleading stage. Importantly, this claim identifies "more than labels and conclusions and a formulaic recitation of the elements of a cause of action." *Twombly*, 500 U.S. at 555. Liberty alleges that the Policy does not provide coverage "if, whether before or after a loss, one or more 'insured' have: (1) Intentionally concealed or misrepresented any material fact or circumstance; (2) Engaged in fraudulent conduct; or (3) Made false statements; relating to this insurance." (ECF No. 11 at 7 at ¶ 11.) As discussed above, the Counterclaim alleges that the fire that resulted in Plaintiff's insurance claim was suspicious. Liberty further claims that Plaintiff has failed to provide Liberty with some relevant documentation and that Plaintiff made several substantive changes to his responses during an examination under oath. Taken as a whole, Liberty's allegations suggest its belief that Plaintiff has fraudulently or materially

5

misrepresented the circumstances of his insurance claim. Again, this information is sufficient to allow Plaintiff to formulate a response.

Finally, Plaintiff argues that Liberty's claim does not specify whether it is alleging misrepresentation or fraud, which require different pleading requirements. (ECF No. 7 at 5 n.1.) Plaintiff is correct that a fraud claim is subject to heightened pleading requirements under Rule 9(b). *See* Fed. R. Civ. P. 9(b) (stating that "a party must state with particularity the circumstances constituting fraud . . . .") However, there is no prohibition in federal court against filing a claim with alternative paths to relief. *See Browning v. Big Lots Stores, Inc.*, No. 2:11-cv-00786, 2012 WL 1855197, at *2 (S.D. W. Va. May 21, 2012) (stating that "[t]he Federal Rules of Civil Procedure explicitly permit alternative pleading."); *Patriot Coal Sales, LLC v. Bridgehouse Commodities*, No. 2:12-cv-03653, 2013 WL 12284820, at *2 (S.D. W. Va. Jan. 25, 2013) (noting that alternative pleading "is often done to ensure that the plaintiff has an alternative path to recovery in the event that the plaintiff cannot carry its burden of proof on one claim."). Indeed, Federal Rule 8(d)(2) provides that "[a] party may set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count . . . or in separate ones." Thus, the Federal Rules do not require Liberty to limit its claim to either that of fraud or misrepresentation nor are these claims required to be separately pled.

In sum, Liberty's Counterclaim gives Plaintiff adequate notice of the declaration that Liberty seeks and provides a short and plain statement of the grounds upon which it would be entitled to declaratory relief. Therefore, as the Counterclaim satisfies the requirements of Rule 8, Plaintiff is not entitled to a more definite statement.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Renewed Motion for a More Definite Statement. (ECF No. 12.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 20, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE